(93 Misc. Rep. 595)

FLEITMANN v. UNION BANK OF BROOKLYN et al.

(Supreme Court, Special Term, Albany County. February, 1916.)

INJUNCTION ⊘⧐38—SUBJECTS OF RELIEF—PROPERTY RIGHTS.

An injunction will not be granted to restrain the selling of securities held as collateral for notes on which defendant has recovered judgment against plaintiff in another action in which an appeal is pending, on an allegation that plaintiff was unable to give security to stay execution pending the appeal.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 86–90; Dec. Dig. ⊘⧐38.]

---

⊘⧐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Action by Lida M. Fleitmann, as administratrix of the estate of F. Augustus Heinze, against the Union Bank of Brooklyn and another. Demurrer to complaint sustained.

Rockwood & Haldane, of New York City, for plaintiff.
Joseph G. Dean, of New York City, for defendants.

CHESTER, J.  The plaintiff by her complaint in this action seeks. to restrain the defendants from selling certain securities held as collateral to the notes under which a judgment has been recovered by the defendants against her in another action, pending the determination of an appeal from such judgment, alleging that she was unable to give security to stay execution thereunder.

If this complaint states a good cause of action, a way has been discovered to nullify the provisions of law requiring security to obtain a stay of execution, pending an appeal from a judgment, which would be just as effective as a repeal of such provisions.  With the law as it is I cannot believe the equity powers of the court can be properly exercised for such a purpose, and therefore I think that no cause of action has been alleged.  The demurrer is sustained with costs.

Demurrer sustained, with costs.